■ JAMES BALITSOS et al., Respondents, v EL-AY ENTERPRISES et al., Appellants.—Order, Supreme Court, New York County, entered October 6, 1976, insofar as it denied defendants' motion to strike the amended complaint for plaintiffs' failure to properly respond to interrogatories and required defendants to answer plaintiffs' interrogatories 10 days after plaintiffs serve complete and adequate answers to defendants' interrogatories, unanimously modified, on the law and in the exercise of discretion, to also direct that plaintiffs allow defendants to inspect and copy relevant documents identified by plaintiffs in their answers to interrogatories without conditioning such inspection and copying upon defendants' compliance with plaintiffs' interrogatories, and, as so modified, affirmed, without costs and without disbursements. Defendants served interrogatories upon plaintiffs who, in turn, served interrogatories upon defendants. Plaintiffs did not move for a protective order and served answers to defendants' interrogatories. Defendants moved to compel new answers on the ground that the answers submitted were inadequate. Plaintiffs cross-moved to compel the defendants to answer plaintiffs' interrogatories. Special Term granted these motions to the extent of directing plaintiffs to serve more responsive answers and directing defendants to answer plaintiffs' interrogatories within 10 days after service upon defendants of complete and adequate answers to defendants' interrogatories. Plaintiffs served a second set of answers and defendants moved to strike the complaint for failure to comply. Plaintiffs cross-moved to strike the answer for defendants' failure to serve answers to plaintiffs' interrogatories. Again, Special Term in a cursory and somewhat ambiguous determination, in effect directed plaintiffs to again (for the third time) answer and directed defendants to answer plaintiffs' interrogatories within 10 days after plaintiffs serve their answers. Defendants appeal, but plaintiffs do not cross-appeal. As the basis for defendants' motion to strike the amended complaint is the alleged failure by plaintiffs to properly respond to the defendants' interrogatories, we have examined the defendants' interrogatories and plaintiffs' responses (the two sets of answers already served) thereto. Review of defendants' palpably burdensome interrogatories and plaintiffs' answers warrants the conclusion that plaintiffs have adequately responded and Special Term properly refused to strike the amended complaint. Items Nos. 70, 71, 73 and 74 of defendants' interrogatories relate to paragraphs 25 and 38 of defendants' answer wherein it is

claimed that plaintiffs never accounted to defendants for certain records and books embraced within the alleged joint venture agreement between the parties. These paragraphs set forth in the defendants' counterclaims are clearly relevant to defendants' claim for an accounting. "In an action of accounting, an examination as to the account itself is not permitted until the right to the accounting has first been established by an interlocutory decree" (1 NY Jur, Accounts and Accounting, § 19). As the information sought by defendants relates to issues properly obtainable once the right to an accounting has been established, plaintiffs' responses to these items were adequate. Plaintiffs in their first set of answers declared that all documents referred to in their answers would be made available for inspection and copying to defendants upon notice. However, in their second set of answers, plaintiffs imposed a condition upon such inspection and copying, to wit, that same may be held upon notice "subsequent to receipt by plaintiffs of defendants' Answers to Interrogatories propounded by the plaintiffs." This condition is improper and is stricken. Unfortunately, plaintiffs have not cross-appealed under the misconception that Special Term's second order was in their favor. Consequently, they are bound by Special Term's direction that they submit a further set of answers. Had plaintiffs cross-appealed, we would strike that direction. Concur—Lupiano, J. P., Capozzoli, Lane and Yesawich, JJ.